Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WANDA RAMIREZ, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MCS CLAIM SERVICES, INC. and JOHN DOES 1-25, | |
| Defendant(s). | |

### LOCAL CIVIL RULE 10.1 STATEMENT

1.    The mailing addresses of the parties to this action are:

WANDA RAMIREZ
60 Bush Avenue
Woodland Park, New Jersey 07424

MCS CLAIM SERVICES, INC.
123 Frost Street, Suite 202
Westbury, New York 11590

### PRELIMINARY STATEMENT

2.    Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and

through her attorneys, alleges that the Defendant, MCS CLAIM SERVICES, INC. ("MCS

CLAIM SERVICES") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Passaic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      MCS CLAIM SERVICES maintains a location at 123 Frost Street, Suite 202, Westbury, New York 11590.

8.      MCS CLAIM SERVICES uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      MCS CLAIM SERVICES is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from MCS CLAIM SERVICES (*See* **Exhibit A)**, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.   The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

      a.  Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

   i.    Whether the Defendants violated various provisions of the FDCPA;

   ii.   Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv.   Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained

experienced and competent attorneys to represent the Class.

14.    A Class Action is superior to other methods for the fair and efficient adjudication

of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of

this class action.

15.    A Class Action will permit large numbers of similarly situated persons to

prosecute their common claims in a single forum simultaneously and without the duplication of

effort and expense that numerous individual actions would engender.  Class treatment will also

permit the adjudication of relatively small claims by many Class members who could not

otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class

Action, class members will continue to suffer losses of statutory protected rights as well as

damages.

16.    Defendant(s) have acted on grounds generally applicable to the entire Class,

thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15

U.S.C. § 1692a(3).

18.    At some time prior to May 8, 2019, Plaintiff allegedly incurred a financial

obligation to ST. JOSEPH'S WAYNE HOSPITAL ("WAYNE HOSPITAL").

19.    Plaintiff allegedly incurred the WAYNE HOSPITAL obligation in connection

with medical services and goods.

20.     The WAYNE HOSPITAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21.     Plaintiff incurred the WAYNE HOSPITAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22.     The WAYNE HOSPITAL obligation did not arise out of a transaction that was for non-personal use.

23.     The WAYNE HOSPITAL obligation did not arise out of a transaction that was for business use.

24.     The WAYNE HOSPITAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     WAYNE HOSPITAL and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.     On or before May 8, 2019, the WAYNE HOSPITAL obligation was referred to MCS CLAIM SERVICES by WAYNE HOSPITAL for the purpose of collection.

27.     At the time the WAYNE HOSPITAL obligation was referred to MCS CLAIM SERVICES, the WAYNE HOSPITAL BANK obligation was past due.

28.     At the time the WAYNE HOSPITAL obligation was referred to MCS CLAIM SERVICES, the WAYNE HOSPITAL obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29.     Defendants caused to be delivered to Plaintiff a letter dated May 8, 2019, which was addressed to Plaintiff and sought a balance of $4,273.33 on the WAYNE HOSPITAL obligation.

30.     The May 8, 2019 letter was sent to Plaintiff in connection with the collection of

the WAYNE HOSPITAL obligation allegedly owed to WAYNE HOSPITAL.

31.     The May 8, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32.     The May 8, 2019 letter was the initial written communication that Plaintiff

received from Defendant concerning the WAYNE HOSPITAL obligation.   No other written

communication was received by Plaintiff from Defendant within five days of the May 8, 2019

letter regarding the WAYNE HOSPITAL obligation.

33.     The May 8, 2019 letter contained the following notice:

> This is an attempt to collect a debt. Any information obtained will
> be used for that purpose.

34.     At the bottom of the May 8, 2019 letter, it stated:

> **THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY
> INFORMATION OBTAINED WILL BE USED FOR THAT
> PURPOSE <u>ONLY</u>**. (emphasis added)

35.     15 U.S.C. § 1692e(11) of the FDCPA provides that consumers must be advised

that:

> the debt collector is attempting to collect a debt and that any
> information obtained will be used for that purpose, and the failure
> to disclose in subsequent communications that the communication
> is from a debt collector,…. ("mini Miranda")

36.     In addition, the May 8, 2019 letter stated:

> If you have insurance that covers the balance due please **complete
> the information requested**. (emphasis added)

37.    Defendant requested that the following information ("Personal Information") be provided by Plaintiff and  others similarly situated:

```
Patient's Name:................Date of Birth:..................
Social Security #:.............Home telephone #:...............
Name of policyholder if different than the Patient:.............
Name of Insurance Company:..................Tel #:.............
Policy Number:.................................................
Address of Insurance Company:..................................
.............................................................
Medicaid Case #:...............................................

Medicare Number:...............................................
```

38.    While Defendant's letter implies that it will submit a claim to an insurance carrier, Medicaid or Medicare on Plaintiff's behalf, the time to submit a claim to such any entity had expired by the date of the letter.

39.    While Defendant's letter implies that it will submit a claim to an insurance carrier, Medicaid or Medicare on Plaintiff's behalf, Defendant was in fact seeking to "obtain any information" in "an attempt to collect a debt."

40.    Defendant's request for Personal Information without explaining that its request did not override the consumer's right to "remain silent" ("Reconciling Statement") rendered the mini Miranda ineffective.

41.    Without the inclusion of a Reconciling Statement", Defendant's letter violates the FDCPA as it overshadows and renders the Mini Miranda ineffective.

42.    Defendant's May 8, 2019 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their rights under the FDCPA.

43.    As part of Defendant's request for Personal Information from Plaintiff and others similarly situated, Defendant requested that each of those consumers provide among other things, his or her social security number and date of birth.

44.     Defendant's request for such Personal Information from Plaintiff and others similarly situated:

a.  could cause them to become victims of identity theft;

b.  fails to advise them that the Personal Information may be used in further collection proceedings, such as lawsuits; and

c.  fails to comply with law. See generally N.J.S.A. § 56:8-119 et seq. and N.J.A.C. § 13:45D-1.1 et seq.

45.     MCS CLAIM SERVICES knew or should have known that its actions violated the FDCPA.

46.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

47.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

(b)     Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

48.     Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*  VIOLATIONS

49.      Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

50.      Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

51.      Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

52.      Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

53.      Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e, § 1692e(10)and § 1692e(11).

54.      Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

55.      Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

56.      Defendants violated 15 U.S.C. § 1692e(10) by using a false and deceptive means in its attempt to collect the debt.

57.      Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(11).

58.      Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

59.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

60.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

61.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

62.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

63.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

64.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**DEMAND FOR DOCUMENT RETENTION AND PRESERVATION**

Plaintiff and others similarly situated demand that each Defendant, and its agents, or anyone acting on its behalf, preserve and be immediately restrained from altering, deleting, or destroying any documents or records that are described herein and/or that are relevant to this Complaint.

s/ Ben A. Kaplan
Ben A. Kaplan, Esq. (NJ 0337712008)

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 8, 2020

Respectfully submitted,

By:    *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: May 8, 2020

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff
